**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ADEEB SOLIMAN, | No. 12-56294 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-00835-CJC-RNB |
| v. | |
| CVS RX SERVICES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 10, 2014[**]
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Michael Soliman appeals from the dismissal of his complaint, which alleged claims for breach of contract, intentional infliction of emotional distress, and fraud. Soliman also argues that removal to federal court was improper and that the district court abused its discretion by not holding oral argument on Soliman's motion to remand. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We affirm the district court's determination that Soliman failed to allege a claim for breach of contract. "In California, employment is presumed to be 'at will,' and an employee can be fired without good cause, unless there exists an express or implied contract that restricts the employer's right to terminate the employee." *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1271 (9th Cir. 1990). The two-page contract that Soliman attached to his initial complaint states that "this offer is for 'at will' employment such that you or the Company may terminate your employment relationship at anytime and for any reason."

In his first amended complaint, Soliman omitted the first page of the contract. He argues that it was therefore improper for the court to consider the first page. This court, however, has repeatedly held that a district court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v.*

2

*KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Soliman's initial complaint not only relied on the two-page contract, but actually attached it. The district court's consideration of this document properly prevents Soliman from "surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which [his] claims are based." *Id.*at 763(citation omitted). Soliman did not challenge the authenticity of the document before the district court and has thus waived that argument. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

We affirm the district court's dismissal of Soliman's claims for intentional infliction of emotional distress and fraud as both claims are barred by the statute of limitations.

Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims. Cal. Civ. Proc. Code § 335.1. The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of outrageous conduct by the defendant. *Cantu v. Resolution Trust Corp.*, 6 Cal. Rptr. 2d 151, 170 (Ct. App. 1992). Soliman alleges that CVS' false reports to the police and the ensuing arrest caused him severe emotional distress. Soliman was arrested on November 14, 2007 but did not file his IIED claim until October 26, 2011. Soliman has also waived the argument that equitable tolling may apply as it was not presented to the district court. *See Greger*, 464 F.3d at 973.

The California statue of limitations for fraud is three years; the cause of action accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338 (d). The allegedly fraudulent action taken by CVS was misrepresentations made to the police on November 14, 2007. Soliman was arrested on the same date, which gave him notice of the alleged misrepresentations. Soliman did not file his initial complaint until October 26, 2011. Although the district court did not rule on this argument, this panel may affirm on any basis fairly supported in the record. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007). Soliman's fraud claim is barred by the statute of limitations.

Soliman argues that it is not appropriate to determine the applicability of a statute of limitations defense at the pleading stage. This court, however, has held that the statute of limitations may be raised as a defense on a motion to dismiss if "the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The statute of limitations defense for both claims appears on the face of Soliman's complaint.

Soliman argues that removal to federal court was not proper as the first amended complaint was filed on October 26, 2011 and CVS did not file for removal until May 23, 2012. CVS, however, filed for removal within the 30 day

4

window after it first learned that Soliman sought an amount in excess of $75,000. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). CVS also did not waive its right to remove through its appearances in state court, as those appearances were before it became apparent that the case was removable. *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).

Soliman argues that the district court abused its discretion in not holding oral argument on his motion to remand based on Local Rule 7-14, which provides that counsel shall be present at the hearing date for a motion. *See* C.D. Cal. Local Rules 7-14. That rule, however, only applies if the district court decides to hear oral argument in the first place. The district court did not think that oral argument was necessary and there is no statutory or procedural requirement that oral argument must have been held. *See* Fed. R. Civ. P. 78(b).

**AFFIRMED.**